Opinion issued April 15, 2010



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00640-CR

———————————

MARK ANTHONY Jones, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court  

Harris County, Texas



Trial Court Case No. 1191903

 



MEMORANDUM OPINION

Appellant, Mark Anthony Jones, pleaded guilty, with an
agreed recommendation as to punishment with the State, to the offense of assault
on a family member, second offense.  The
trial court followed the agreed punishment recommendation and placed appellant
on community supervision for a period of three years.                

The State filed a first motion to
revoke appellant’s community supervision that was dismissed on January 21,
2009.  The State filed a second motion to
revoke community supervision on June 3, 2009. 
Appellant entered a plea of true to the State’s motion to revoke
probation and, after a hearing, the trial court found that appellant had
violated the terms and conditions of his community supervision as alleged in
the State's motion.  The trial court sentenced
appellant to confinement for two years and assessed a $500 fine.[1]  Appellant filed a notice of appeal.[2]  We affirm.

          Appellant’s
counsel on appeal has filed a brief stating that the record  presents no reversible error, that the appeal
is without merit and is frivolous, and that the appeal must be dismissed or
affirmed.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, (1967). The brief meets the requirements of Anders
by presenting a professional evaluation of the record and detailing why
there are no arguable grounds for reversal. 
Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App. 1978). 

          Counsel
represents that he has served a copy of the brief on appellant.  Counsel also advised appellant of his right
to examine the appellate record and file a pro se brief.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  More than 30
days have passed, and appellant has not filed a pro se brief.  Having reviewed the record and counsel’s
brief, we agree that the appeal is frivolous and without merit and that there
is no reversible error.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[3]  Attorney Angela Cameron must immediately send
the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy
of that notice with the Clerk of this Court.

          We
deny as moot any pending motions.

PER CURIAM

Panel consists of Justices Keyes, Sharp, and
Massengale.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]
              The
trial court entered a certification of defendant's right of appeal on July        15, 2009, that states: I, judge of the
trial court, certify this criminal case is     not
a plea-bargain case, and the defendant has the right of appeal.

 





[2]               Appellant waived a court
reporter for his plea of guilty and for the          probation
revocation hearing.





[3]           Appointed counsel still has a duty to
inform appellant of the result of this appeal and that he may, on his own,
pursue discretionary review in the Texas Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).